The suit is for compensation on account of total permanent disability at the rate of $8.19 per week for a period not exceeding 400 weeks, less the sum of $24 already paid. Plaintiff claims that he injured the thumb of his right hand on November 18, 1939, while firing a boiler for the defendant company at its sawmill, his thumb getting jammed between a piece of wood and the door of the firebox. He was treated by the company's doctor for three or four weeks during which time he drew compensation.
The defendant admits that plaintiff received a slight injury to his thumb while firing a boiler at its mill and admits paying him compensation for three weeks, but avers that plaintiff had completely recovered on December 17, 1939, when it ceased paying him compensation, and that he has suffered no disability on account of said injury since that time.
The sole question involved in this case is one of fact, whether or not plaintiff has been able to do his usual and customary work since the compensation payments were discontinued by the defendant company. The trial judge rejected the demands of the plaintiff and he has appealed. No appearance was made in this court on behalf of the plaintiff.
We have carefully considered the evidence in the record and fail to find any error in the finding of fact of the trial judge. On the contrary, we think the evidence fully justifies his conclusions.
While the plaintiff alleged that he broke his thumb, there is no testimony to support that allegation, not even his own testimony. About all he claims in his testimony is that he mashed the first joint of the thumb severely between the wood and the firebox. He says that the company doctor treated him for about a month and then told him he was able to go back to work, but he claims that he cannot work because his thumb is swollen and gives him pain when he tries to use it. *Page 197 
Dr. Archibald saw plaintiff the day after the injury and found that he had a contused thumb. He dressed the thumb in the absence of Dr. Franklin, the company's regular physician, and advised that plaintiff be taken to Dr. Franklin the next day. Dr. Franklin found that the first phalange of plaintiff's thumb was contused. He bandaged it and continued to see and treat plaintiff regularly for about four weeks and then discharged him as able to return to work. Both of these doctors were of the opinion that plaintiff is able to do the same kind of work that he was doing when injured. They attribute the swelling and enlargement of the thumb to non-use or other causes and not to the injury.
Dr. McKinney made an X-ray of plaintiff's thumb in the early part of January, 1941, which showed no fracture and showed the thumb to be normal. Drs. Holcombe, Watkins and Barham examined plaintiff about the time the X-ray was made of his thumb and had the benefit of the picture. All of these doctors found plaintiff's thumb to be normal, and they were of the opinion that he suffers no disability whatever.
As we have often said, in order for an employee to recover compensation for total disability and in order for him to have disability payments continued after they have been stopped, he must prove with legal certainty that he is disabled from performing in a reasonable manner his usual and customary work during the period for which he seeks compensation for total disability. Plaintiff's bare statement that he is unable to work is not sufficient to overcome the statement of five doctors that he is not disabled and has no abnormality or disability of his thumb.
For these reasons, the judgment is affirmed.