Plaintiff seeks to recover workmen's compensation under Act No. 20 of 1914 and its amendments, as for total and permanent disability arising out of an accident which he alleges occurred while performing his duties as a painter in the employ of the defendant corporation, on or about November 20, 1945, and which caused him to sustain a right indirect inguinal hernia. His demand is for compensation at the rate of $20 per week, not to exceed 400 weeks and for medical expenses not to exceed $500.
He alleges in his petition that he was employed by the defendant, Ethyl Corporation, on August 2, 1945, and that on or about November 20 of that year he was engaged in painting a large storage tank which required the use of a swinging scaffold and that while in the act of putting up the scaffold or pulling it up on a stack, he suffered the hernia complained of and for which he was later surgically attended to.
He alleges that he was examined for industrial employment by the defendant before he started to work and that examination revealed that he did not have a hernia, but that on February 11, 1946, he was examined by his own personal physician who found him suffering from an indirect inguinal hernia on the right side for which he underwent an operation on May 20, 1946. Incidentally he alleges that of his own accord, he left the employ of the defendant on April 30, 1946, which would be about three weeks before he was operated on.
Plaintiff makes all the other necessary allegations in order to bring his case within the provisions of the Workmen's Compensation law and prays for judgment as already stated. He impleaded with his employer, the Travelers Insurance Company, which carried the employer's workmen's compensation insurance, as a party defendant. *Page 50 
In a joint answer both defendants deny that if the plaintiff had a hernia that the same was sustained by him while performing services for the employer in the scope and course of his employment. They admit that he underwent a pre-employment medical examination, as he alleges, but aver that in that examination it was disclosed that both of his inguinal rings were relaxed. Except to admit that plaintiff was successfully operated on for the hernia he had, and which they deny he sustained as the result of an accident in the course and scope of his employment, they generally deny the remaining allegations of his petition.
Upon trial of the case in the court below there was judgment in favor of the defendants rejecting the plaintiff's demand and dismissing his suit at his costs. The trial judge supported his judgment with a written opinion which is filed in the record. That opinion and the judgment based on it are now before us for review on this appeal taken by the plaintiff.
Plaintiff, as appears from his own testimony, is a single man who was 35 years of age at the time of the trial of this case in the lower court. By trade he says that he was classed as a painter. He had been engaged in that work for 20 years. The record does not show how long he had been living in Baton Rouge but it does show that he had been residing at 3033 Hollywood Drive where he boarded with a Mr. and Mrs. D.C. Odom for the past 7 or 8 years. He had been employed by various industrial corporations in and around Baton Rouge and began to work for the defendant, Ethyl Corporation, in the beginning of August, 1945. He says that he had never suffered any accident or injury during the whole course of his employment during these many years and had a fairly good industrial employment record.
He claims that on the date of his alleged accident he and an assistant were sent by the foreman to paint two big storage tanks. They were furnished a very heavy scaffold measuring about 20 feet long which they had to manipulate themselves in order to do the painting job. He intimates that he complained to the foreman that the scaffold was too heavy for them to handle and that he held back for over a week before starting the work. Finally they cut the scaffold down some two feet and rigged it up in order to begin. There was an extra helper given them but even with his help it was impossible to pull the stage of the scaffold off the ground by standing on it as they should. Instead, as we understand his testimony, they had to get on the ground and pull it up using a block and tackle attached to the top of the tank. Even so it was very heavy to pull up, especially because the side of the tank was of an oval shape and the stage rubbed against it as it was being drawn up. On the day that he claims he was hurt he and his helper were pulling the stage up and as it reached near the top he says a pain struck him in his side. He did not realize what it was as he had no way of knowing, so he went on working and when he went to his lodging house that afternoon he told Mr. and Mrs. Odom about it. They told him that he might have sustained a hernia; that he had better see a doctor. Four days later he went to the plant hospital and saw one of the doctors whose name he did not recall and was told by him that all he had suffered was a strain.
He continued to work as he had been doing until April 30, 1946, when he voluntarily left the defendant's employ. He says that he had gotten to a point where he could not go on any more and as his parents, who lived in Mississippi, were ill, he decided to leave. On leaving he signed a card stating to the effect that he had not received any injury in the course of his employment by the defendant company, which had not been reported.
After he had been told by Dr. Dennis A. Casey, his personal physician whom he had consulted in February, 1946, that he had a hernia and was told by Dr. Casey that he should report it to his employer, he says that he went back and did report it and he insists on saying that the doctor he spoke to, whose name he does not recall, told him that all he had was a strain. He however did not tell any one that Dr. Casey had diagnosed a hernia *Page 51 
because, he says, he figured that the man he spoke to was a doctor and he ought to find it out. He says that over telephone, he did report to a Mr. Hubbs who handled the insurance which the company carried for non-occupational diseases or accidents, and told him that he had sustained this hernia in an accident on November 20 and would have to be operated. He asked him if the insurance he had paid up would take care of him and that Mr. Hubb's answer was that since he had left the employ of the company the insurance had lapsed and that they could do nothing for him.
He was operated on May 20, 1946, by Dr. Casey who was assisted by Dr. P. B. Polito. The operation was successful and Dr. Casey told him after ten weeks that he was cured. He says that he remained without employment until as late as November and then went to work for somebody else and has been working since. He testified that he suffers at times while at work and attributes that to the condition which had been brought about by the hernia he had.
That is about the sum and substance of the plaintiff's testimony except we might mention also that he did say that at the time he suffered this burning sensation when he strained on pulling the scaffold, he told his fellow-employee, Charles L. Cates, what he felt and that would be about the only corroborating testimony he produced except that he also told Mr. and Mrs. Odom on his return home that afternoon what had happened to him. To the extent that he mentioned the matter to them, Mr. and Mrs. Odom corroborated him, but Mr. Cates had no recollection whatever of plaintiff having told him anything like he says he did at that time.
What we have said so far of the testimony in the case constitutes about the only proof adduced by the plaintiff regarding his having had an accident and having sustained the hernia he claims to have sustained on November 20, 1945. Neither Dr. H. K. Smith, connected with the employer's medical staff, nor Mr. Hubbs who we have already referred to, nor again, Mr. Russell Whittington, the foreman, could recall any complaint made by the plaintiff at any time about having sustained an accident in which he suffered the injury he complains of. The record otherwise shows that plaintiff had frequently before called at the first aid station of the defendant company for minor ailments. He never made any demand whatever for workmen's compensation and the first notice that the employer had of his claim of an accident was on receipt of a letter addressed to it by the attorney he had employed to prosecute his claim.
On the record as made up therefore we feel satisfied that the trial judge was correct in holding that the plaintiff had failed to establish by a preponderance of the evidence that he had suffered the disability he claims from an accident while he was performing any duty for the defendant employer in this case.
Counsel seems to intimate that in the case of Hill v. J. B. Beaird Corp., La. App., 19 So.2d 295, the court laid down the proposition that when a man is free from hernia when he begins his employment and performs hard labor thereafter which could produce a hernia, and a hernia actually develops when his employment is terminated, he is entitled to compensation, and those being the facts in this case, plaintiff should recover. We do not find that the court laid down such a broad and general proposition in the cited case. It did however re-affirm the well established principle that a plaintiff, in a compensation suit, must prove his claim, and "that speculation and probabilities are not sufficient to justify a decree in favor of a plaintiff in the absence of his establishment of his claim with reasonable certainty." It distinctly stated that the facts, as established by the record in that case, "definitely preponderate in favor of plaintiff's claim to such an extent and degree that there remains no question in our minds as to the fact that plaintiff's injury occurred during the course and in the scope of his employment."
But in this case, save for plaintiff's own statement, there is no proof whatever to show that the hernia which eventually developed was brought about by any straining at any particular time or under any particular period of time during his employment *Page 52 
by the defendant corporation. True it is that he had a relaxed ring at the time he started his work with this company but according to the doctors that may never have given him any trouble and it is a well known fact that a large number of people have relaxed rings and never do develop a hernia.
Moreover it seems to us that all of plaintiff's actions refute his contention that he sustained any accident at any time while working for this company which may have brought about this hernia. It seems unreasonable that a man with his industrial experience and who was accustomed to reporting even minor ailments to the first aid station as the evidence shows, would not have insisted on telling the doctor in charge of the defendant's medical staff that Dr. Casey had definitely diagnosed his case as one of hernia. It seems unreasonable also that when Dr. Casey told him that he would have to be operated on that he would not have gone to his employer to tell him about it and endeavor to have them pay the necessary medical and hospital expenses. It seems unreasonable again that after he had had the operation he would not have gone to the employer and asked for compensation insurance, which undoubtedly he would have been entitled to had he sustained an accident while in their employ, instead of asking if he could collect on some other form of insurance for a non-occupational injury. All of this tends to weaken his claim and gives added weight, in our opinion, to the findings of fact of the trial judge.
We do not think that it is necessary to comment on any of the cases cited more than we have done with regard to the Hill case, for after all each of these cases must depend upon the facts presented and upon the situation that arises in each. The only law which is involved in this case is the one which requires a plaintiff, in a compensation suit, like in any other suit, to prove his case to a legal certainty and that mere speculation or probability is not sufficient to support a claim. That we think is the basis of the judgment of the lower court and we cannot point to any manifest error in it.
Judgment affirmed.