62 So.2d 676 (1953)
WALKER
v.
MONROE et al.
No. 7905.
Court of Appeal of Louisiana, Second Circuit.
January 7, 1953.
R. D. Cantwell, Winnfield, John G. Gibbs, Natchitoches, for appellant.
Gravel & Downs, Alexandria, for appellee.
GLADNEY, Judge.
This action is for the recovery of workmen's compensation for injuries received by plaintiff, Irving Walker, on June 1, 1949, while engaged in cutting pulpwood for Vee Davis, an employee of S. J. Monroe and Brown Paper Mill Company, Inc.
While performing the duties of his employment cutting pulpwood, plaintiff and his saw partner cut down a tree, which, in falling to the ground, turned upon its limbs and in so doing its limbs brushed against plaintiff, throwing him into a ditch. As a result of this accident, he alleges he suffered injuries to his face, neck, upper and lower back, hips and both knees, and that he is totally and permanently disabled.
Immediately following the accident he was treated by Dr. John T. Mosley of Winnfield, Louisiana, which treatment lasted from June 1, 1949 through June 26, 1949, at which time he was discharged by the doctor as being fully able to resume his work. Walker was paid compensation for the period of June 1 to June 26, 1949 in the sum of $61.75, which sum was based upon his average weekly wage of $25.
In the district court after all evidence had been submitted by the defendants, plaintiff filed a motion to re-open the case *677 for additional testimony. This motion was allowed by the court and by agreement of counsel additional evidence was submitted on behalf of plaintiff in the nature of two affidavits by lay witnesses and one medical report by Dr. R. E. Dupre of Ville Platte, Louisiana.
The district court, assigning written reasons therefor, rejected plaintiff's demands and rendered judgment in favor of defendants. From this judgment plaintiff has appealed.
By stipulation of the parties litigant, the sole issue for consideration herein is whether or not plaintiff has been permanently injured and if so, the extent thereof.
In support of his claims for disability plaintiff offered the testimony of twelve lay witnesses. The only medical evidence in his favor is a report by Dr. R. E. Dupre of an examination made on November 13, 1951. Defendants' evidence consisted of the testimony of three lay witnesses and the testimony of Drs. John T. Mosley, Martin T. Green and Daniel M. Kingsley.
The evidence of plaintiff's lay witnesses is substantially to the effect that Walker had worked at hard manual labor before his injury; that they had not observed him doing any work since his injury; and that when they did see him he would have his stick or walking cane with him and walked with a limp. Defendants admitted certain witnesses who did not testify, would testify, if called, that plaintiff worked two days picking cotton about two weeks before the trial, and that he picked only forty pounds one day and seventy-three the next, whereas before his injury he could pick two hundred fifty pounds per day.
In rebuttal three witnesses called by the defendants testified they observed plaintiff on several occasions walking around without his cane and that on two different days he was observed picking cotton without the aid of his walking cane and giving no evidence of limping.
The report of Dr. R. E. Dupre is dated November 13, 1951. The report is brief and as it is the only medical evidence in favor of plaintiff we quote the report in full:
"This is to certify that I have this day examined Irving Walker, colored, c/o General Delivery, Winnfield, Louisiana.
"X-rays taken this day do not show any existing bone pathology.
"Patient, however, walks with a shuffling gait, complains of pains in the knees, legs and back and gives a history of having been struck by a tree some two years ago and of having been unable to do any work since that time.
"Diagnosis: Traumatic arthritis, both knees.
"Walker states that he has received treatment for his knees, legs, and also pains of the back in the area of the lumbro-sacral joint. From the history given by the patient and examination today, I am reasonably certain that Walker sustained a rather serious alleged injury as the result of this accident of about two (2) years ago. His pains, at the present time, appear to be genuine, and, I would suggest that this man be sent to a competent orthopedist for further and complete examination in order to evaluate his disability, if any."
Dr. Mosley was the attending physician upon the occasion of plaintiff's injury and he treated plaintiff from June 1, 1949 through June 26, 1949, during which time he saw plaintiff approximately seventeen times and discharged him on June 26, 1949, as fully capable of returning to work. At the time of his first examination he secured X-rays of the right cervical spine and left knee. His findings disclose no fractures. He gave his opinion that plaintiff suffered minor injuries consisting merely of bruises to the neck, left lower spine and left knee. During the period plaintiff was under his care he administered diathermy treatments. Dr. Mosley also testified Walker did not complain to him of any back pain, nor did he complain to him about spitting up any blood. He expressed the opinion plaintiff did not have any true traumatic psychoneurosis.
On September 1, 1949, plaintiff was examined by Dr. Marvin T. Green of Ruston, Louisiana. His testimony was that plaintiff's *678 chief reference was to pain from the back of his neck all the way down his back into his pelvic region. He said plaintiff did not complain to him of his legs or knees. After making X-rays of the entire spine and making a thorough physical examination of the entire body, the doctor stated he found absolutely no objective symptoms of injury. He testified plaintiff complained of soreness and pain in the back without demonstrating any localized area of the tenderness. He stated the X-rays demonstrated only moderate degrees of hypertrophic arthritis throughout the entire spine, a condition which was declared to be normal for a laboring man over forty years of age. Dr. Green gave his opinion that at the time of his examination both legs of plaintiff were perfectly normal. Although no complaints were registered as to either knee he tested both knee joints as to motion in all planes and directions with no evidence of disability. He concluded that there was no reason why this man should not be able to return to work.
Approximately sixty days prior to the trial plaintiff was examined on July 24, 1951, by Dr. Daniel M. Kingsley, an orthopedic specialist of Alexandria, Louisiana. The examination consisted of a thorough physical and clinical examination and a review of X-rays taken by Drs. Mosley and Green. Dr. Kingsley testified that Walker's chief complaints were as to his left knee and back, and that his back hurt him from the shoulder down to the pelvis. His findings were that both knees appeared perfectly normal, without swelling and functioned with complete range of motion. No abnormality of the knee ligaments was present and he stated plaintiff's complaints of pain were contradictory. In explanation of this, he said plaintiff would complain of pain in a certain locality at one time during the examination and later when the same test was being used to that locality he would not complain of pain.
Dr. Kingsley testified plaintiff's back appeared to be in a very good condition and he could bend in all directions without pain. He said that when plaintiff was without his cane he could walk without any trace of back stiffness or poor posture. The conclusion of this doctor was that plaintiff was not suffering from any disability whatsoever and could perform heavy manual labor.
During the course of plaintiff's testimony it developed that in addition to the doctors above mentioned who gave evidence in the case, plaintiff had been examined at his own request by five other physicians. The record does not include any testimony or evidence from these physicians, nor has plaintiff furnished an explanation as to why such evidence was not secured.
By way of summation we find that the only medical evidence in favor of plaintiff is the report of Dr. R. E. Dupre, whose examination was made approximately two and one-half years after the injury. His report was submitted after an examination which does not appear to have been conclusive. This is shown by his suggestion "that this man be sent to a competent orthopedist for further and complete examination in order to evaluate his disability, if any." (Emphasis supplied) On the other hand, the testimony of Drs. Mosley, Green and Kingsley is definite and to the effect that plaintiff was without injury and fully able to resume his employment.
Because of plaintiff's failure to secure the testimony of the five physicians who examined him at his own request, and in the absence of some explanation for their non-appearance at the trial, it must be presumed that such testimony would be adverse to plaintiff. Law v. Kansas City Bridge Co., Inc., La.App.1940, 199 So. 155; Miller v. Anderson-Post Hardwood Lumber Co., Inc., La.App.1941, 3 So.2d 196; Thomas v. Maryland Casualty Co., La.App.1947, 32 So.2d 472; May v. Cooperative Cab Co., La.App.1951, 52 So. 2d 74.
It is also a settled principle of law in compensation cases that the opinion of the attending physician should be given more weight than that of a physician who examined the complainant only on one or two occasions. The record reveals that Dr. Mosley saw Walker some seventeen *679 times between June 1 and June 26, 1949. Because of better opportunity for study and diagnosis his evidence should be accorded more weight than the report of Dr. Dupre, who saw plaintiff on only one occasion and then approximately two and one-half years after the injury. See Brinson v. Arkansas Natural Gas Corporation, La.App.1934, 152 So. 381; Vaughn v. Solvay Process Co., La.App.1937, 176 So. 241; Buxton v. W. Horace Williams Co., La.App.1942, 8 So.2d 801.
Similarly, it should be noted that the complaints of plaintiff fall within a particular field of medicine that belongs to the orthopedic specialist. Dr. Daniel M. Kingsley was the only orthopedist who testified as to the extent and nature of plaintiff's disability. Ordinarily, his evidence relating to a disability of the back or knee must be given a higher evaluation than that of a general practitioner who examined claimant only on one occasion. See Harmon v. McDaniel, La.App.1949, 41 So.2d 249; Price v. T. L. James & Co., La.App.1951, 53 So.2d 182; Anders v. Employers Liability Assurance Corporation, Ltd., La.App. 1951, 50 So.2d 87.
The district court in written reasons for judgment stated:
"After carefully reading every word of the testimony of both the lay witnesses and the medical experts, we have come to the conclusion that plaintiff has not made out his case by a preponderance of testimony of the lay witnesses and certainly not by a preponderance of the testimony of the medical experts that he is suffering from the injury he received on June 1, 1949."
We also are compelled to conclude that plaintiff has failed to prove his case to a legal certainty by a preponderance of the evidence. See Craig v. Standard Fruit & Steamship Co., La.App.1936, 168 So. 794; Windham v. W. Horace Williams Co., La. App.1944, 18 So.2d 854; Horton v. Louisiana Veneer Co., La.App.1940, 196 So. 363; Pierce v. Delta Tank Mfg. Co., La.App.1949, 39 So.2d 908; Pav v. Ethyl Corporation, La.App.1948, 37 So.2d 49.
For the reasons hereinabove given, we conclude as did the trial judge, that appellant has not made out his case with legal certainty and for this reason the judgment appealed from is affirmed. All costs are to be borne by appellant.