LOTTINGER, Judge.
This suit was instituted by Woodrow Jones for personal injuries resulting from a vehicular accident. The defendants are Robert Aswell Farris, the driver of one of the vehicles involved in the accident, and Continental Casualty Company of Chicago, the liability insurer of defendant Farris. A companion case entitled Jones v. Farris, La.App., 77 So.2d 740, was consolidated with this suit for trial and separate judgments were rendered below. In the instant suit, the Lower Court awarded damages in favor of petitioner in the sum of $1,017.86. The suit of Jones v. Farris, was dismissed below. Both of the petitioners have appealed. Although the merits of both suits will be discussed in this opinion, separate judgments will be rendered.
The undisputed facts disclose that on the morning of December 11, 1952, at about 5 :20, a. m., the Jones truck was being driven, by Charlie Jones, in a westerly direction on Highway 190, which connects DeRidder and Merryville. At the same time, the Far-ris truck was being driven, by Robert A. Farris, in an easterly direction on the same highway. Petitioner Woodrow Jones was a passenger in the Jones truck, and was asleep at the time of the accident. It was a clear cold morning and it was still dark at the time of the accident. The said Highway 190 is a black topped highway, its width is 22 feet.
Petitioners claim that, as they approached the scene of the accident, the Farris truck was approaching them on the wrong side of the highway and at an excessive rate of speed. The left hand headlight of the Farris truck was not burning. Charlie Jones claims that he pulled over to his right to avoid the impending accident, but that his truck was struck and completely demolished by the Farris truck. The claim of Charlie Jones is for property damages to his truck. Woodrow Jones, on the other hand, claims that he sustained personal injuries in the accident which resulted in him having bit his lip, his having knocked several teeth loose causing him to have all his teeth pulled, and a back injury which incapacitated him for some length of time.
The defendant, Robert A. Farris, on the other hand claims that both trucks were straddling the center line of the highway at the time of the accident. The point of impact were the lug bolts of both trucks, which extended out some distance from the wheels. He claims the contributory negligence of Charlie Jones, and admits that there is some merit in the claim of Woodrow Jones, however, he claims that the only injury resulting to Woodrow Jones as a result of the accident was a split lip, which was very minor.
As was held below, if Charlie Jones was guilty of contributory negligence, such was a bar to his recovery herein. However, as Woodrow Jones was asleep at the time of the accident, he cannot be held responsible for the contributory negligence of Charlie Jones, and therefore, if the defendant was negligent, Woodrow Jones should be entitled to recover. Under the doctrine of Weddle v. Phelan, La.App., 177 So. 407, Woodrow Jones could have recovered against both Charlie Jones and Farris in solido. There is nothing in the record to indicate that Charlie Jones had a reputation for careless or negligent driving which would have required Woodrow Jones to protest his method of driving.
We believe that the evidence clearly establishes that both of the drivers were straddling the center stripe of the highway and that the point of impact was the “lug bolts” of the trucks. The damages to the bodies of both trucks was not such as would have resulted from a sharp impact. The major portion of the damage was to the lower frame of the trucks, the wheels, axles, etc. The evidence further shows that the point of impact was on the center line of the highway. The defendant Farris admits this, and the State Patrol Officers who investigated the accident testified that debris and small scratches in the asphalt were found in the center of the highway, equally distributed on both sides of the center stripe.
*738 A large scratch in the highway was made by the bumper of the Farris truck. The evidence indicates that the impact knocked one end of the bumper loose causing it to drag along the highway after the impact. The beginning of the mark made by the bumper was some eighteen to twenty inches on the Jones’ side of the center stripe. The evidence shows that the impact caused the Farris truck to jack-knife, and the cab of the truck came to rest with its rear in the ditch, and the front end in the center of his lane of traffic. The front end of the truck was pointed North. The trailer of the truck was on the black top at nearly a right angle to the cab of the truck. The Jones’ truck came to rest at a 45 degree angle on the other side of the highway, with the front end in the ditch and one rear wheel on the shoulder. It is apparent from the evidence that, as the lug bolts of the trucks met, the impact caused the wheels of both trucks to be turned to the left. This caused the cab and the trailer of the Farris truck to jack-knife and apparently the cab skidded at an angle along the highway to its resting position. This would, of course, cause the scar in the highway left by the dragging bumper to be on the Jones’ side of the center stripe. Had the Farris truck been on its left side of the highway at the moment of impact, we believe that the beginning of the said scar would have been more than eighteen to twenty inches on the left of the center stripe.
Charlie Jones testified that defendant Farris made several statements against his interest immediately after the accident. He stated that Farris said that he was travel-ling as fast as the truck would go, that he was on the left hand side of the highway, and that he was lighting a cigar at the time of the accident. However, none of these alleged statements were made in the presence of the investigating officers, and neither of the Jones’ informed the investigating officers of same. The investigating officers told the parties that they were both in the wrong, and no complaint was made to them.
The facts further show that on the same morning of the accident Mr. Farris went to his insurance agent to make out a statement of the loss. Charlie Jones was present at the time, and the Secretary testified that the parties admitted that they were both negligent. At the time, Charlie Jones was of the opinion that he had collision insurance, which, of course, would have paid his property damages even though he were at fault. It was not until he later discovered that his collision insurance policy had expired that he commenced to complain that Mr. Farris was solely at fault and that the statement of loss was erroneous.
We believe, as did the Lower Court, that the petitioner Charlie Jones and the defendant Robert A. Farris were both at fault and that it was the combined negligence of both parties which caused the accident. All of the unbiased testimony of the investigating officers is to the effect that both parties were on the center stripe, or very close thereto. It was the combined fault of the said parties, in hugging the center of the highway, that caused the accident. We, therefore, feel that the claim of Charlie Jones was properly dismissed by the Lower Court, and the judgment of dismissal will be affirmed.
As to the injuries to Woodrow Jones, we feel that he has a cause of action against either of the drivers of the two vehicles. As he chose to sue the defendant, Robert Farris, he will be awarded judgment according to the injuries sustained as a result of the accident.
Petitioner, Woodrow Jones, claims damages for personal injuries in the sum of $5,000. Many medical and hospital bills were introduced into evidence, and he complains of serious and painful injuries. However, the evidence discloses that his claim is greatly exaggerated, and the evidence is to the effect that his injuries caused by the accident were really of a relatively minor nature. His injuries, as summed up by the Lower Court, were as follows:
“The Court is of the opinion that Mr. Jones suffered but slight personal injuries in the accident. Immediately aft *739 er the accident, he said he was not hurt. When the trooper arrived, he told them the only injury he received was a slight bump on the lip. Some hours later, but in the same morning, he went to see Dr. Marcello in DeRid-der, who, because he was busy with other patients, gave him only a superficial examination. Jones was complaining of pain in his lower back. The doctor found no bleeding and no abrasions. He asked Jones to wait until he could get to him, but Jones, becoming impatient, left after about thirty minutes and went to see Dr. Beckcom. Dr. Beckcom gave him a thorough examination, including x-raying, which disclosed no bone injury, but some tenderness and muscle spasms in the lower back, which Dr. Beckcom diagnosed as a low back strain. Jones was not hospitalized, but was treated for several days and showed improvement. However on December 25th, he entered the hospital of his own initiative, his ailment then being, according to Dr. Beckcom, a respiratory infection, wholly disconnected with the accident, plus some little kidney trouble. When Dr. Beckcom told Jones his condition was not a result of the accident, he became incensed and left the hospital and went to the Frazar Clinic and placed himself under the care of Dr. Frazar. To Dr. Frazar, Jones complained of low back pains and the Doctor found some objective symptoms, such as stiffness, muscle spasms, and tenderness. Dr. Frazar was not very definite in his opinion that Jones’ condition was due solely to the results of the accident, freely conceding that the back pain could have been caused by bad teeth, which the testimony shows where later all were removed, due to the presence of pyorrhea. Dr. Frazar referred the patient to Dr. Campbell, who found no positive objective symptoms. He could not say that any pain of which plaintiff complained had a causal connection with the accident. Plaintiff testified he was examined sometime later by Dr. Sutton and Faludi in Shreveport, and filed a bill from them. There is no evidence in the record from these two doctors.
“Some months later, in June, 1953, according to plaintiff, he entered the hospital of Dr. Attaway at Ville Platte, where he received treatment for several days. Plaintiff testified that he was treated at the Ville Platte Hospital for the injuries he received in the accident, but there is no evidence in the record from any of the Ville Platte Plospital doctors as to plaintiff’s condition, or for what they treated him.
“In the absence of any showing that the testimony of Dr. Sutton and Faludi and the doctors who treated him at the Ville Platte Hospital, the Court must assume that the testimony of these doctors would have been against the interest of plaintiff and that the condition for which they treated him was not the result of the accident. Walker v. Monroe [La.App.], 62 So.2d 676; Law v. Kansas City Bridge Co. [La.App.], 199 So. 155; Miller v. Anderson Post Hdw. Co. [La.App.], 3 So.2d 196; Thomas v. Maryland Casualty Co. [La.App.], 32 So.2d 472; May v. Co-operative Cal. Co. [La.App.], 52 So.2d 74.
“The evidence is that even before the accident plaintiff’s teeth were being treated for pyorrhea and a DeRidder dentist had recommended that all of his upper teeth be removed. It is not shown that he told either Dr. Marcello, Dr. Beckcom or Dr. Frazar, nor the Highway Trooper that one of his teeth had been knocked out in the accident and it is significant that after his teeth were removed in the hospital in July, 1953 (he entered the hospital June 15th, and left June 24, 1953, according to the hospital bill filed in evidence ‘P-3’, the teeth being extracted June 23, 1953, according to the bill marked ‘P-2’) his condition improved and he was able to go to work, August 13th, 1953.”
The Lower Court awarded damages to petitioner in the sum of '$1,017.86. *740 Said damages were itemized as follows: $354.86 for loss of time from work, $413.'O0 being the amount of the Frazar Clinic bill, and $250.00 for pain and suffering. The defendant has not asked for a reduction in the award, but on appeal has only contested an increase in the award. We feel that the damages awarded below are sufficient for the injuries suffered by petitioner, (Woodrow Jones, in the accident, and the judgment will be affirmed.
For the reasons hereinabove assigned the judgment of the Lower Court is affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.