REGAN, Judge.
The plaintiffs, Thomas Murphy, owner and operator of a Buick automobile, and *744 his daughter, Mrs. Merna Labat, a guest passenger therein, instituted this suit against the defendants, Isaac Rowan, Jr., ©perator of a taxicab and his insurer, Nola Cabs, Inc., endeavoring to recover the respective sums of $3,505 and $9,690 representing personal and property damages incurred by the plaintiffs as the result of a collision in the intersection of S. Galvez and Erato Streets, in the City of New Orleans, on January 31, 1954, at 11:30 P.M.
The defendants answered and denied ;that Rowan was guilty of any negligence whatsoever and, in the alternative, pleaded the contributory negligence of the plaintiffs.
From a judgment in favor of the defendants dismissing the plaintiffs’ suit only Mrs. Merna Labat, the guest passenger, has prosecuted this appeal.
The facts are relatively simple and are not seriously disputed. Plaintiff, Murphy, was driving in the general direction of Canal Street in the riverside roadway of S. Galvez Street, which is a boulevard, having two roadways divided by a neutral ground ten or fifteen feet in width. His daughter, Mrs. Labat, was the only passenger and she was sleeping on the right front seat. Isaac Rowan, the operator of the taxicab, was driving in Erato Street in the general direction of the river'and particularly towards S. Galvez Street. The traffic moving in the intersection is regulated by stop signs erected on both S. Gal-vez and Erato Streets. At the time that the accident occurred lumber and assorted building materials were stored in the neutral ground of S. Galvez Street to a height of approximately five feet beginning at Erato Street and extending the length of a city block which, it is conceded, effectively obstructed the view of both operators. Rowan asserted that he stopped in obedience to the sign before entering the lakeside or outbound roadway of S. Galvez Street and then drove across both it and the neutral ground' area and when he had moved about five feet into the inbound or riverside roadway of S. Galvez Street the collision' occurred. Murphy testified that he stopped in S. Galvez Street before entering Erato Street and that when he drove to about the center of the intersection he was struck by defendant’s vehicle.
An analysis of the record convinces us that Murphy entered the intersection without stopping in obedience to the sign and he was, therefore, guilty of negligence and plaintiff’s counsel conceded as much in oral argument before this court. Therefore, the only question posed for our consideration is whether the operator of the taxicab was guilty of negligence in driving into the riverside roadway of S. Galvez when his vision thereof was obstructed by materials stored in the neutral ground area of S. Galvez Street.
Defendants contend that Rowan, the operator of the taxicab, had a right to assume that Murphy would obey the stop sign before entering the intersection of S. Galvez and Erato Streets; that Rowan could indulge in this assumption until he saw or should have seen that Murphy had not observed or was not going to observe the stop sign and since Rowan’s vision into S. Galvez Street was effectively obstructed by building material stored in the neutral ground area thereof he was not required to evaluate Murphy’s intentions of obeying the stop sign and was, therefore, free of negligence in'the premises. To substantiate this hypothesis defendants rely on the case of Koob v. Cooperative Cab Co., 1948, 213 La. 903, 35 So.2d 849, 851. We are fully cognizant of thq ratio decidendi of the foregoing case and are convinced that the principles of law enunciated therein have no application herein. In that case the court very carefully pointed out:
“The motorist on the right-of-way street, zvith knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed or is not going to observe, the law’’ (Italics ours.)
*745 Obviously the foregoing statement is not authority for the principle that since a visual obstruction existed the operator of a motor vehicle is thereby granted the privilege of blindly driving into a roadway irrespective of his knowledge of conditions existing therein. The Court was very cautious to point out that a motorist could indulge in “the assumption” until “he sees” or “should see” that the “other car * * is not going to observe, the law.” The decision is predicated on the fact that the motorist could or should exercise his sense of sight and not on his inability to see due to an obstruction.
In our opinion the taxicab driver should have stopped when he reached the neutral ground area of S. Galvez Street and then before proceeding further he should have assured himself that there was no vehicle approaching in the riverside roadway of S. Galvez Street. Surely it requires no citation of authority to substantiate the well established principle of law that when approaching a blind intersection the operator of a motor vehicle, who does not have a clear right of way, must stop and look before attempting to traverse the roadway. Had Rowan exercised the care and prudence commensurate with the existence of this visual obstruction the accident could not have occurred.
Since we find the operators of both vehicles guilty of negligence the defendants must respond in damages to the guest passenger, Mrs. Labat, who was asleep in Murphy’s vehicle when the accident occurred and, therefore, was free of contributory negligence.
The record reveals that the plaintiff suffered two broken ribs as a result of the accident. She was removed to Charity Hospital where her chest was bandaged and she was permitted to return home. Subsequently she consulted Dr. Irvin Cahen on two occasions, who, after having x-rays taken of plaintiff’s chest, made the same diagnosis as Charity Hospital, that is that plaintiff was suffering from two fractured ribs. The record reveals that she remained in bed intermittently for a period of two weeks and was confined to her home for a total period of approximately six weeks. We believe that plaintiff is entitled to recover for pain and suffering and the injuries incurred as a result of this accident the sum of $1,000. During the six week period that plaintiff was confined to her home she was deprived of her weekly wage of $25 or a total of $150 which she is also entitled to recover.
For the reasons assigned the judgment appealed from is annulled, avoided and' reversed and it is now ordered that there be judgment herein in favor of Mrs. Merna Labat and against the defendants, Isaac Rowan, Jr., and Nola Cabs, Inc., in the sum of $1,150 and for all costs.
Reversed.