TATE, Judge.
Motor vehicles driven respectively by plaintiff Guitreau and defendant Otts were involved in a head-on collision at about 2:30 a. m. on August 11, 1957. Impleading Otts and his insurer as co-defendants, Guitreau seeks by this action to recover damages sustained in the accident.
The sole question posed by the plaintiff’s appeal is whether the trial court correctly held, in dismissing the suit, that Guitreau’s recovery was barred by his own contributory negligence. His able counsel concedes that, factually, the success of Guitreau’s appeal depends upon our holding that the trial court erred in finding that at the time of the impact the said plaintiff’s Ford car was being driven so as to protrude over the center-line of the highway and into the lane of traffic reserved for opposite-bound traffic such as the defendant Otts’ automobile.
We are unable to hold that the trial court erred in so finding.
There were no eye-witnesses to the accident except the respective drivers. The defendant Otts testified that Guitreau’s Ford protruded into his lane; Guitreau testified, to the contrary, that he was driving in his own lane and was struck there by the Otts vehicle. In resolving this conflict, we think the District Court properly placed great weight upon and accepted the testimony of the investigating police officer, who found from the physical facts of the accident — especially the debris and dirt knocked from the colliding vehicles at the point of impact and the tire marks made there by the left wheel of the Guitreau vehicle — that the collision occurred in the center of the roadway, with both vehicles at the time encroaching into the other’s lane.
Even if (as the plaintiff contends) Otts’ speed at the time of the impact was 70 mph — that is, in excess of the legal rate of 60 mph — , we are unable to say under the circumstances that such excessive speed was a proximate cause of the accident. In any event, the negligence of both drivers in proceeding in the center of the highway, so as to protrude into the other’s lane, contributed to the accident; and plaintiff’s recovery is barred by his contributory negligence in such respect.
Accordingly, the judgment of the trial court dismissing the plaintiff’s suit is
Affirmed.