AYRES, Judge.
This is an action for workmen’s compensation. Plaintiff seeks to recover of his former employer and his compensation insurance carrier workmen’s compensation at the maximum statutory rate as for total and permanent disability, together with penalties and attorney’s fees, less compensation paid covering a period of 17 weeks.
Plaintiff’s claim is predicated upon accidental injuries sustained March 30, 1959, while he was in the employ of John E. Morris. Morris was engaged in the business of moving houses. In the course of that business, a house on Youree Drive, in the City •of Shreveport was to be moved. In preparation for the work undertaken, the house was jacked up. Plaintiff crawled under the house to adjust one of the jacks. While attempting to make the adjustment, resting on his knees under the house, the jack slipped from underneath a sill, which then fell upon plaintiff, striking his lower back and hips and pinning him to the ground where he remained until the house was again jacked up and he was removed therefrom.
Plaintiff was immediately conveyed by ambulance to the North Louisiana Sanitarium, where he was hospitalized for a period of three weeks under the care and treatment of Dr. A. A. Bullock.
In the accident, plaintiff sustained a fracture of the descending ramus of the left pubis. Plaintiff claims to have sustained, by reason of the accident, also, a thinning of the fifth lumbar intervertebral disc, slight hypertrophic arthritis of the third, fourth, and fifth lumbar vertebrae, and a contusion of the spine in the lumbar area, as well as slipped and ruptured discs between the third and fourth, and between the fourth and fifth lumbar vertebrae. From these injuries, plaintiff claims to suffer constant pain.
The contention of the defendants is that plaintiff had fully and completely recovered by July 24, 1959, from the injuries sustained by him, and that, at all times since, he has been fully able and capable of performing the .work he formerly did without disability whatsoever.
From an adverse judgment, plaintiff prosecutes this appeal.
Other than plaintiff, no lay witnesses testified. The issues presented for resolution must, therefore, be determined from a consideration of the testimony of the several medical experts whose testimony appears in the record in the form of written reports introduced and filed in evidence pursuant to stipulation of the parties.
In giving consideration to the testimony, it may be first pointed out that a plaintiff in a compensation case, as in other civil cases, bears the burden of proof. He is required to establish his claims to a legal certainty by a reasonable preponderance of *762 the evidence (Roberts v. M. S. Carroll Co., Inc., et al., La.App., 68 So.2d- 689, and the authorities therein cited). Therefore, the burden is upon plaintiff to establish that he is disabled, by reason of the accidental injuries sustained, from performing the duties of his employment.
In weighing and evaluating the testimony of the medical experts, certain rules have been established by the jurisprudence, among which are (1) that the opinion of the treating physician is entitled to greater weight than the opinion of a doctor examining the claimant at a later date (Richmond v. New Amsterdam Casualty Co., La.App., 85 So.2d 717); and (2) the opinion of a physician specialized in a particular field of medicine, to which plaintiff’s injuries are related, is entitled to greater weight than the opinion of a physician engaged in general practice and not so specialized. Walker v. Monroe et al., La. App., 62 So.2d 676; Rider v. R. P. Farns-worth Co., Inc., et al., La.App., 61 So.2d 204; Price v. T. L. James & Co., Inc., et al., La.App., 53 So.2d 182.
The treating physicians were Dr. A. A. Bullock, as aforesaid, a specialist in internal medicine, and Dr. T. M. Oxford, an orthopedist. Plaintiff was examined .by Dr. G. H. Cassity, a general practitioner, August 14 and October 16, 1959, and February 19, 1960. Plaintiff was also examined by Dr. Willis J. Taylor, an orthopedist, December 14, 1959; by Dr. Ray E. King, an orthopedist, September 15, 1959; and by Dr. John M. Gosslee, also an orthopedist, October 6,1959.
Offered on behalf of the plaintiff, in addition to the reports of Dr. Cassity, were the reports of Dr. W. R. Harwell, a roent-genologist, and of Dr. Taylor. On behalf of the defendant, the reports of Drs. Bullock, Oxford, King, and Gosslee were filed.
In his first report, Dr. Cassity expressed the opinion there was a rupture and protrusion of the intervertebral discs between the third and fourth, and between the fourth and fifth lumbar vertebrae, from which he concluded plaintiff has a permanently weak back which will hereafter be painful. In a report following his examination of October 16, 1959, in addition to pointing out the aforesaid herniated discs, the doctor also pointed out that arthritis is prevalent in the affected vertebrae. In that report and the one following, on February 19, 1960, Dr. Cassity was of the opinion that plaintiff was unable to do manual labor and that it was problematical as to whether he would ever recover to the extent he could perform such labor. The opinion as to herniation of the discs was predicated upon a report of Dr. Harwell to that effect.
Drs. Oxford and Bullock were in agreement that, as of July 24, 1959, plaintiff had reached the maximum of improvement and was able to return to his work without any residual, partial or permanent disability of any degree. The injuries, fracture of the descending ramus of the left pubis and the contusion of the lumbar region of the spine, had healed. Dr. King expressed the opinion that the aforesaid fracture had healed; that plaintiff’s symptoms were almost entirely subj ective in nature and, from his examination and findings, concluded that plaintiff was able to return to his former work. Dr. Gosslee was of a similar opinion and stated he was unable to find any objective evidence to support plaintiff’s subjective complaints. Dr. Gosslee noted, as did Dr. Oxford, a thinning of the fifth lumbar disc and minor hypertrophic arthritis, neither of which, as shown by their reports, affected plaintiff’s ability to return to work.
Giving due weight and consideration to the aforesaid medical testimony, the conclusion is inescapable that plaintiff has not, to a legal certainty and by a reasonable preponderance of the evidence, established that his disability extended beyond July 24, 1959.
We find no manifest error in the judgment appealed and, accordingly, it is affirmed at appellant’s cost.
Affirmed.