FRUGÉ, Judge.
This is an appeal from two judgments rendered below, both adverse to defendants herein, Jefferson Oil Company and its insurer. These suits arise as a result of a collision which occurred December 6, 1953, between an automobile driven by Norman McGill and an oil transport truck owned by defendant and driven by an employee, Joe Viola. Seven of the eight occupants of the automobile were killed instantly or died within a few hours thereafter. The survivor, Henry Hollins, brings this suit which has been consolidated with that of Bessie West Bell, individually and as tutrix to the minors, Shirley Ann Bell and Louis Bell, Jr., for the death of her husband, Louis Bell; Frank and Judy Bell, parents of decedent, LeRoy Bell; Hettie and Ed Johnson, parents of decedent Jo Henry Johnson; Hase and Mary Holly Harrison, parents of decedent Albert Harrison, all survivors of the named deceased persons. For the companion suit of Bell et al. v. Jefferson Oil Company, see 124 So.2d 633. The driver, McGill and two other decedents are not represented herein.
The collision occurred at about 3:00 A. M., December 6, 1953, on U. S. Highway 84 approximately five miles east of Jones-ville, Louisiana. This highway runs east and west, and accommodates two lanes of traffic, in opposing directions. The defendant’s truck was travelling east in the south lane and the automobile in which Henry Hollins and the decedents were riding was travelling west in the north lane. At the point where they would have passed each other, going in opposite directions, they collided head-on.
The plaintiff maintains that the defendant’s truck was improperly and negligently in their lane, and attempting to pass another vehicle at the moment of impact. Defendant, of course, asserts that its vehicle was in the eastbound lane or southern lane and that the plaintiffs’ automobile swerved into the south lane causing' the collision. The trial judge found that the point of impact was in the north lane, or plaintiffs’ lane, and that the truck was in the north lane as a result of the negligence of the driver of the truck, which was the sole proximate cause of the collision and therefore entered judgment in favor of plaintiffs.
The only witnesses to the accident were Henry Hollins, the sole survivor in the Me- *631 Gill car, and the driver of the truck, Joe Viola, and an occupant of the truck, Alan Boudreaux. Henry Hollins testified that he could and did see everything until he ■was knocked unconscious and that the automobile was in its proper lane as it approached the truck; that preceding the truck was another automobile and that the truck swung out to pass the automobile preceding it; and that while the truck was in the north lane and attempting to pass the collision occurred. Both Joe Viola and Alan Boudreaux deny this and state that the plaintiffs’ vehicle, as it approached the truck, suddenly swerved into the south lane into the path of the truck.
The testimony of the eyewitnesses (the participants) conflicts to such an extent that it is irreconcilable. No stretching of one’s imagination can bring to terms the divergent testimony. Therefore, this court must examine the evidence in the light of the physical facts, so that the decision as to which party was at fault will be conformable to reasonable probabilities of the case. See Hebert v. Meibaum, La.App. 1944, 19 So.2d 629. And when testimonial proof is irreconcilably in conflict, the physical facts are considered as the only means for decision of the case. See Van Baast v. Thibaut Feed Mills et al., La.App.1933, 151 So. 226. In the case of Brown v. Benjamin, La.App., 120 So.2d 325, 326, 1960, where there was a conflict of testimony as to how the accident occurred, Judge Hardy stated that,
“ * * * After careful consideration of the record, we are of the opinion that the proper determination of this appeal must rest upon the resolution of a single factual issue, which is the location of the impact with reference to the east and westbound lanes of travel of the highway * * ”,
and we find that it is equally applicable in the case before us.
There seems to be no dispute regarding certain physical facts, but rather there is dispute as to the interpretation thereof. The testimony shows that there was dirt and shattered glass in the south lane but in close proximity to the center line. There was a chipped place in the south lane approximately eight to twelve inches from the center line. There was also an oil spot in the center of the highway. However, the most westerly skid mark is in the north lane, with other skid marks leading off in a northeasterly direction from the oil spot in the middle of the road. The starter, generator, parts of the motor and the motor of the automobile were on the north side according to defendant’s chief witness, Trooper Barnette. (There was some testimony that a car had run off the road at a curve, east of the scene but this was not proven to be connected herewith.) There was testimony to the effect that a half-empty half-pint of gin was found in the car and that an empty whiskey bottle was also found in the car. Although witnesses testified to the odor of alcohol in the immediate vicinity, it was admitted that the odor could have been caused by anti-freeze from the broken radiator of the car. Hollins testified that no one was drunk and that very little had been consumed (beer) and that to his knowledge no one had been drinking whiskey or gin. Be that as it may, defendant has not proven intoxication of the driver nor of the passengers. The witnesses testified that the car came to a halt partly on the shoulder and partly on the pavement of the north lane; that' the truck continued its northeasterly direction across a large ditch and into a field after knocking down part of a fence; and that all of the bodies were in the north lane along with the aforementioned skid marks and debris. The investigating officers testified that it was their theory, from the evidence available, that the automobile had crossed the center line and collided with the truck on the south side. Defendant states that their testimony must be given credence and even precedence over the conclusion of the trial judge especially since there was a time lapse of over a year between trial and rendition of judg *632 ment and cite authorities in support of their position. See Guitreau v. Otts, La.App. 1960, 119 So.2d 111 (weight given investigating officers) and Montgomery v. Walter Kellogg Lumber Company, La.App.1960, 120 So.2d 353, (length of time between trial and judgment). However, it must be borne in mind that Trooper Barnette’s investigation was conducted after having discussed with Viola and Boudreaux the cause of the collision. Without saying whether or not their (defendant’s) version was true it is obvious that Barnette’s investigation was slanted toward that conclusion. Witness the statement by Barnette that he could stand on the curve (where some vehicle had run off the road) “ * * * in the daylight and look up the road and from these tracks here you could tell the vehicle never once straightened up to come down the highway, never varied its course a bit * * * ”, but on re-direct examination he answered to the effect that he did not know who had made the marks on the shoulder of the curve. In the lower court’s written opinion we find this statement with reference to Trooper Barnette:
"The witness on re-direct examination stated that he did not know who put the tracks on the road in the curve which he had described and in answer to the question if he knew how the accident happened, replied: ‘I don’t think anybody could actually say except the people that was in the vehicles, but I told you what I found at the scene.’ ”
Nevertheless, in the Guitreau case, the investigating officer determined from the location of the debris that the collision occurred in the middle of the road and the trial judge in that case agreed that from the physical findings the trooper was correct. However, here the trial judge found that the dirt located in the south lane could as well have been from the truck as from the automobile and therefore discredited Barnette’s statement that that “debris” was from the car. We find nothing in this record to compel us to accept Trooper Barnette’s theory of how the accident occurred and we are further unwilling to accept his testimony as expert opinion evidence and to bind ourselves thereby. By the above statements we have not intended the slightest reflection upon the ability and qualifications of this particular witness, for our discussion has been based upon the particular record before us.
If we were to accept defendant’s theory that the car had been swerving since the time that it rounded the curve, then it is our opinion that Viola could have avoided the accident. Again quoting from the lower court’s opinion:
“It does not appear that the driver of the oil truck was as alert as he should have been, * * * He ought to have seen what he could have seen and have used his brakes more effectively and thereby lessened the momentum of the truck. * * * The court takes notice of the long hours, that the driver had been on the road (being something like 18 hours up to. the time of the accident) and likely the-driver was not as alert and careful as he should have been under the circumstances.”
Since the collision occurred approximately 1,000 feet west of the curve, assuming that the vehicles were travelling at the same rate of speed, and since defendant had observed the car rounding the curve, then with-2,000 feet of straight roadway “ * * they could have observed the actions and maneuvers of the * * * car had they been observing, but they could only tell' about the car’s course some fifty or sixty feet in front of them. * * *”
Regardless of individual theories,, we feel that the following circumstances are of prime importance and determinative of where the collision occurred. Since the-most westerly skid mark appeared in the-north lane the conclusion is inevitable that *633 the truck made these skid marks and therefore it was partially in the wrong lane. The greater portion of the debris was found in the north lane indicating that the collision occurred there, as the lower court found. However, there was an oil spot located in the center of the highway with chipped cement, shattered glass and dirt in •close proximity to the center of the road. Furthermore, the whole front of the automobile was struck by the truck indicating a head-on collision. Since the motor and radiator of the automobile were demolished it is obvious that the oil spot in the center ■of the road was made by the car at the moment of impact or immediately thereafter. ■Since they collided head-on, in the center ■of the highway, as evidenced by the oil spot •and damage to the car, then the automobile ■was also in the center of the road. Therefore, we find that the driver of the truck was negligent in that the truck was partially in the wrong lane and we also find that McGill, the driver of the car, was negligent in being in the center of the road.
Any defenses that the defendant may have had against the passengers have not been urged with the exception of intoxication of the driver and/or the passengers. Intoxication, as discussed herein-above, has not been proven. Where drivers of both vehicles are negligent and guest passengers are free of contributory negligence, the operator of the other vehicle may he required to respond in damages. See Murphy v. Rowan, La.App., 84 So.2d 743; Jones v. Farris, La.App., 77 So.2d 736, 740; Singley v. Thomas, La.App., 49 So.2d 465. Therefore, since defendant has not shown that the passengers in the car were con-tributorily negligent, the defendant cannot be relieved of liability to the plaintiffs herein.
Plaintiff maintains that the awards are inadequate and has asked that they be in■creased. After carefully reviewing the record and the lower court’s judgment and reasons therefor, we find that the awards granted, although not excessive, were satisfactory in view of the circumstances.
For the foregoing reasons, we concur with the result below. Therefore, the judgment of the trial court should be and is hereby affirmed. Costs of this appeal to be paid by the defendant-appellant.
Affirmed.