58 So.2d 427 (1952)
GODEAUX
v.
TRAVELERS INS. CO. et al.
No. 3542.
Court of Appeal of Louisiana, First Circuit.
April 9, 1952.
Rehearing Denied May 7, 1952.
Writ of Error Certiorari Denied July 3, 1952.
Dubuisson & Dubuisson, Opelousas, for appellant.
Robt. F. DeJean, Opelousas, for appellees.
LOTTINGER, Judge.
The petitioner, Antoine Godeaux, filed suit for permanent total disability under *428 the Workmen's Compensation Act of the State of Louisiana, LSA-R.S. 23:1021 et seq., joining therein as defendants, the Travelers Insurance Company and Adiast Frudge, insuror and employer respectively. At the request of petitioner, trial was before a jury. The jury returned a verdict for petitioner, and the court gave judgment for total and permanent disability. Defendants have taken this appeal.
Petitioner alleges that on or about September 17, 1949, while working on and around tractors, harvesting equipment, and combines, the left leg of his trousers became entangled in the power take-off of the tractor, pulling him into contact with the gears and resulting in a complete avulsion of the skin of the penis, all of the scrotum, avulsion of the left testis, and a laceration of the perineum. He alleges that, as a result of the said injuries, an attempt was made to reconstruct the penis by skin grafts during the course of which skin was removed from the left thigh and grafted to the shaft of the penis. In addition it was necessary to imbed the right testis under the skin of the right thigh. He alleges that, as a result of the said injury, he suffers pain in and around the penis, and, because of the location of the right testis, he cannot do the work which he was doing at the time of the accident due to pain to the testis when carrying out his former duties. Petitioner alleges total and permanent disability as a result of the accident.
Defendants admitted substantially all allegations of the petitioner except the allegation of permanent and total disability. Defendants deny that petitioner received any disability as a result of the accident.
The jury returned a verdict in favor of petitioner, and the court awarded judgment in the amount of $15.60 per week for a total of four hundred weeks, subject to credit for payments which have been made, and gave judgment in the sum of $125 for medical payments made by plaintiff, and fixed the fees of three doctors, who testified as experts, at $50 each, and taxes same as costs.
On the trial of the matter, the only dispute between the parties was as to the disability of petitioner. Petitioner claimed total and permanent disability. Defendants, on the other hand, claimed no disability. Three doctors testified at the trial. Dr. Thomas A. Kimbrough testified that, from his examination of petitioner, he found that the scrotum was absent, and the right testicle had been implanted into the medial aspect of the right thigh. It was well healed. Petitioner had numerous scars over the pubic region, a large scar extending from the pubic region to the left thigh. There was considerable redundancy of skin apparently grafted to the penis. The left testicle was apparently absent. The testicle in the right thigh was easily palpable and appeared somewhat tender in this position. He stated that the penis was approximately one and one-half to twice the size, in diameter, as would be normally expected. There was scar tissue at the point where the penis was connected to the left thigh. This scar tissue was not as elastic as the scrotum when pulled. The right testis, implanted approximately two inches down the inner side of the right thigh, could not move as freely as if it were in the scrotum. Dr. Kimbrough testified that petitioner, as a result of the injury, would not be able to carry on his duties without pain, and stated that his movements are somewhat guarded and restricted.
Dr. Charles O. Frederick, a witness on behalf of defendant, was the doctor who treated petitioner for the injury. He stated that, at the time petitioner first came to him, he had a complete avulsion or tear off of the skin of the penis, the skin of the scrotum and the left testis itself was completely gone or avulsed and there was also a laceration in the perineum. As to the treatment, Dr. Frederick testified as follows:
"A. In the course of the treatment, we first, because there was no scrotum, we implanted the testicle, the remaining one, the right one, inside the thigh underneath the skin. We then implanted the penis into the skin of the left thigh. After healing had taken place, approximately twenty-one days, the skin on the left thigh was cut and the *429 skin folded around the shaft of the penis and sutured.
"Q. Explain what you mean by sutured? A. I sewed to the edges of the skin. This left a defect in the man's thigh because of the skin that was used, so at the same procedure we took a skin graft from the abdomen and covered this area in the thigh. The laceration or tear of the perineum was sewed in the first operation and healed as an ordinary clean wound would heal."
On direct examination, Dr. Frederick testified that he did not think the petitioner to be completely disabled. However, on cross-examination, Dr. Frederick stated that he did not know how much pain petitioner would undergo were he to do the same kind of work again. While he believed that the man could do the same type of labor, was unable to tell the amount of discomfort, if any, the petitioner would suffer.
Dr. Shute was appointed by the court, upon motion of defense counsel, to examine petitioner. The court examined Dr. Shute as to his experience and as to the fact that he had examined the injuries of petitioner. The court then tendered the witness to counsel for petitioner and counsel for defendants, neither of them questioned Dr. Shute.
We find it strange that at least counsel for defendant did not question Dr. Shute as to the disability of the plaintiff. The only other testimony, as to the nature of the injury and the after effects thereof, was that of petitioner. He testified that he has tried driving a tractor since the injury. In getting upon the tractor and driving the tractor, his testis is mashed by the rise in the middle of the tractor seat. He further testified that he sometimes feels discomfort in walking, that the region of the injury sometimes becomes irritated and chafed.
While we believe that it is entirely possible for the petitioner to do the same work he performed prior to the accident, we believe that the testimony adduced indicates that such work can only be done under a great amount of pain and discomfort. The region and nature of the injury must have been very painful. We believe that the implantation of the testis into the thigh, and the grafted skin of the penis would result in stiffness as was testified by the medical experts.
The Workmen's Compensation Act, in order to recover for total and permanent disability, requires that the petitioner prove with reasonable certainty that he is unable to perform any work of a reasonable nature. He is not expected to perform said work under pain and discomfort. As stated by this court in Vautrot v. Maryland Casualty Co., La.App., 32 So. 2d 500, at page 503, "* * * It is now too well settled in our jurisprudence to even cite authorities that if a claimant can substantially do his duties only with pain and discomfort, he is entitled to compensation for his disability." The testimony shows that, at the time of the accident, petitioner was working on a farm, driving tractors, combines, etc. This, in our opinion, is hard manual labor. Petitioner is now unable to raise his right leg without suffering severe pain and discomfort. His testis is now in such a position as to restrict the free movement thereof. He is unable to sit on a tractor seat without suffering pain and discomfort. There is no doubt in our minds that the plaintiff in this case has proven objective symptoms for pain. We see no reason to disregard plaintiff's testimony in view of the medical testimony found in the record, for if we concede that the medical testimony is evenly balanced and should be disregarded altogether there is precedent for allowing him compensation on his statement of his disability alone. However, we are inclined to believe from the evidence that the medical testimony is not evenly balanced and in view of the proof of the objective symptoms for pain, we have every reason to believe the testimony of the plaintiff in this case. We believe that petitioner is totally and permanently disabled within the meaning of the compensation act, and that the judgment below was justified by the evidence.
By motion before this court, defendant asks that the matter be remanded for a new trial because of a defective verdict. The verdict of the jury was: "We *430 the jury find the verdict in favor of the Plaintiff Antoine Godeaux and find that he is permanent disable." The verdict was written on the reverse of the petition and was signed by the foreman. Defendant alleges, and we believe him correct, that the verdict was defective in that the percentage of disability was not given therein. However, the evidence supports the judgment of total and permanent disability. No purpose would be served by a new trial, as it would only entail the same witnesses and the same testimony, all of which is before us in the record. Were proper motion made in the lower court for a new trial because of newly discovered evidence, or some other reasonable grounds, we might feel differently about remanding the matter. Defendants motion should have been made in the court below. Under the terms of Article 906 of the Louisiana Code of Practice, this court might remand a matter ex proprio motu, however, in this instance no purpose would be served by our so doing.
Defendant further claims that the judgment is defective in that it allows compensation for 400 weeks. Defendant alleges that the judgment should have read for no more than four hundred weeks. We find no reversible error in this. According to the Compensation Act, the defendant has the right to come in, at some later date, and prove no disability.
Defendant claims that the lower court erred in allowing the sum of $125 for medical payments made by petitioner. Nowhere in the petition is there any allegation that petitioner had incurred such expense. Furthermore there is no testimony or evidence whatsoever on that score. In the absence of proof as to this portion of petitioner's demand, we feel that such claim should not have been allowed.
The defendant, furthermore, objects to the judgment of the lower court in that same provides for interest, whereas the verdict of the jury did not provide for same. In view of our opinion, as stated hereinabove, we believe such contention to be without merit.
For the reasons hereinabove assigned, the judgment of the lower court will be amended so as to exclude therefrom the allowance of $125 for medical payments made by petitioner. In all other respects it is affirmed.
Amended and affirmed.

On Application for Rehearing
In its application for rehearing, Defendant-Appellee complains that our original judgment is defective in that it allows compensation for four hundred weeks. It alleges that the judgment should have read for no more than four hundred weeks.
We have therefore decided to amend our original decree to the extent that the recited weekly payments shall be made during the period of disability, not, however, beyond four hundred weeks. A careful consideration of the other errors complained of by Defendant has not altered our original opinion in the matter.
It is therefore ordered, adjudged, and decreed that our original judgment in this case be amended to the extent that the weekly payments shall be made during the period of disability, not, however, beyond four hundred weeks, same to be the final decree of this Court, and as thus amended the application for rehearing is accordingly refused.
ELLIS, Judge (dissenting).
I am of the opinion that the plaintiff has failed to bear the burden of proof legally required.
The medical testimony (two doctors) is weak, speculative and in conflict. The only lay testimony that the plaintiff is permanently and totally disabled by reason of the fact that he suffers pain when he attempts to perform work similar to that which he was doing on the date of his injury was his own. He merely testified that he had attempted to drive a tractor but the pressure of a part of the seat on the injured part was too painful. He offered no other testimony such as the time and the occasion that he attempted to drive the tractor, whose tractor it was, or any testimony to substantiate his own.
Substantially for these reasons I respectfully dissent from the refusal to grant a rehearing.