ELLIS, Judge.
This is a Workmen’s Compensation suit wherein the plaintiff seeks compensation for total disability. By stipulation the employment, accident, rate of pay and amount already paid were agreed upon. Plaintiff claims he is permanently and totally disabled as he sustained an injury resulting in an epigastric hernia, which the defendants deny.
The lower court, with written reasons, dismissed the suit, and the plaintiff has appealed.
Immediately after the accident, on May 5; 1953, plaintiff was taken to tf.e Field Clinic and examined by Dr. Field. This, physician testified the plaintiff had suffered injury to his upper abdomen and lower chest area; that he was in a moderate degree of shock and complained of severe pain in the upper abdomen and lower chest,; that recovery was good and after the first 7 days the plaintiff was up and out of bed until his 'discharge from the hospital on May 24, 1953. He returned to the Clinic on May 30, 1953, and was finally discharged. At that time a report was made that the plaintiff was eating and sleeping well, had normal bowel movements and no complaints, except that he was a little weak. This report shows his condition good, and he was told to return in one week for further examination.
He was examined again on June 6, 1953 and Dr. Field testified that upon that date the plaintiff stated that he was feeling fine and was ready to return to work. On June 8, 1953 he was discharged as able to return to his work. He demanded further compensation payments, which were denied, and on March 27, 1953 the present suit was filed.
■ On April 29, 1953 the deposition of Dr.. Frank W. Pickell of Baton Rouge, who *471 examined the plaintiff, was. taken. In this deposition this physician stated his diagnosis of epigastric hernia was a tentative one, but that as far as he could tell the plaintiff was suffering from such an ailment, hut that he could be mistaken.
Later, other experts examined the plaintiff for the sole purpose of discovering if present, an epigastric hernia.
Dr. S. E. Field examined the plaintiff on December 3, 1953, knowing that Dr. Picked had stated the hernia was present. He stated he was unable to find any -evidence of such a hernia and did not believe he had one.
Plaintiff was also examined at the Ochs-ner Clinic in New Orleans, by Dr. Mims Gage and Dr. William D. Davis. Both of these Doctors found no evid'-ice of any such hernia, and, based upon thorough examination declared there was no hernia.
Also, Dr. R. W. Browning conducted an examination of the plaintiff and he too found no evidence of any hernia.1
All of these experts knew Dr. Picked had concluded plaintiff had an epigas-tric hernia and they so directed their examination to detect its presence, but ad of their findings were entirely negative.
After the plaintiff was discharged he spent three weeks working with a logging crew and never complained of any pain or discomfort.
As is true in other civil cases, the plaintiff in a Workmen’s Compensation suit must bear the burden of proof, and as stated in Franks v. Department of Highways, La.App., 43 So.2d 491, 493:
“The burden of proof in these cases is upon the plaintiff, and, further, as has been declared in a long line of cases, it is not sufficient for a claimant to make out a case that is merely probable, but it is required that he establish it with legal certainty; Spears v. Brown Paper Mill Co., La.App., 9 So.2d 332; Powell v. American Employers Ins. Co., La.App., 14 So.2d 333; White v. Delta Shipbuilding Co., Inc., La.App., 24 So.2d 497; Pierce v. Delta Tank Mfg. Co., La.App., 39 So.2d 908.”
Other recent cases following this rulé are McCary v. Pugh, La.App., 70 So.2d 708; Andrus v. Carruth-Dishman Corp., La.App., 70 So.2d 136, and Garrett v. Gaylord Container Corp., La.App., 71 So.2d 373.
The trial court, with written reasons, stated, “ * * * the preponderance of the unbiased medical testimony is against him.” With this statement we agree.
Concluding the plaintiff has failed to prove his case with the certainty required of him, the judgment of the lower court is affirmed.