ELLIS, Judge.
This suit was filed by the plaintiff, Fred Ruffin, Sr., for total and permanent disability under the Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq., the defendant’s answer admitted that plaintiff was injured during the course of his employment but denied that the plaintiff’s injuries were total and permanent.
After a trial on the merits judgment was Tendered dismissing plaintiff’s suit. From this judgment plaintiff has appealed.
Plaintiff, Fred Ruffin, Sr., was working for Bayou Buff Fabricators, a division of J. Ray McDermott, Inc., unloading steel Reams on April 20, 1957. He was assisting in unloading the beams from a railroad •car on that date, and was hooking one end •of the crane onto the steel beams, which •were then lifted out of the car. While they were unloading the steel beams, one •of the beams became stuck and plaintiff worked to loosen the beam when it suddenly jerked loose, striking the plaintiff .and knocking him against the side of the •car. He was then taken to the hospital of .Dr. C. R. Brownell where he remained for •approximately one week. Plaintiff was paid six weeks of compensation until his ■discharge by Dr. Brownell. During his treatment of plaintiff, Dr. Brownell referred plaintiff to an orthopedic specialist in May of 1957, since his condition was greatly improved, but subjective symptoms were still present and he complained of stiffness in his leg. Dr. Brownell felt that an orthopedic specialist should examine the plaintiff to determine whether there was any valid basis for the persistent subjective symptoms complained of by the plaintiff.
Plaintiff was then examined by an orthopedic surgeon, Dr. Herman R. Soboloff, who examined the plaintiff on May 28, 1957, and again on December 26, 1958. He found no disability after complete examination. Plaintiff’s complaints and the doctor’s physical findings were not consistent on an orthopedic basis. No orthopedic cause for plaintiff’s complaints were found by this doctor. He neither observed nor found any limps and no muscle spasm. Consequently he was of the opinion that plaintiff was not disabled and was capable of returning to the same type of work in which he was engaged prior to the accident.
The plaintiff was also examined on January 29, 1958 and again on March 5, 1958, by Dr. Edward F. Jacquet, who died before the case came to trial, however, interrogatories and cross interrogatories had been propounded to him and were introduced into evidence. His testimony as to his findings and history' were not based on any recognized tests and his testimony was in such general terms that we do not feel it satisfies the burden of proof placed upon the plaintiff.
Dr. Jacquet’s findings insofar as the record is concerned were not based upon any recognized tests and appear to be merely conclusions. His testimony concerning his findings was entirely unsupported by any objective symptoms such as muscular spasms, X-ray findings. No known orthopedic or neurological tests were taken by Dr. Jacquet to determine whether plaintiff’s complaints were purely subjective or could be supported by objective symptoms.
It is significant to note that plaintiff has relied solely on the interrogatories of Dr. Jacquet to overcome the medical testimony introduced by the defendant. Plaintiff contends that the medical testimony is therefore in conflict and the lay testimony should control in the case. Thirteen witnesses were called by the plaintiff as his lay witnesses.
The effect of their testimony was that the plaintiff did not limp prior to his in *534 jury in April of 1957 but that the plaintiff has continued to limp since that date. They based their testimony on their own observation of the plaintiff.
Defendant’s produced testimony composed of an employer of the plaintiff since the accident, Dave Martin, his foreman, Guy Peltier, and two detectives, James Cooney and Ledoux J. Chastant. Their testimony was in direct conflict with the plaintiff’s witnesses, all of them testifying that they had observed the plaintiff at various times, particularly when he worked for Dave Martin in June and July of 1958. They testified that they did not see him limp nor did he complain of disability in his leg during that period.
Our learned brother below in his reasons for judgment, stated that he was more favorably impressed with the testimony of Doctors Soboloff and- Brownell. We agree that their testimony and reasons for finding the plaintiff to be physically fit were based upon specific tests that did not support plaintiff’s subjective complaints while Dr. Jacquet’s reasoning was primarily based upon conclusions with no apparent supporting reasons being given for his conclusions.
Plaintiff has cited several cases in support of his contention that the medical evidence was in conflict and that, therefore, the lay testimony must be relied upon.
The Lower Court did not give much weight to the plaintiff’s lay witnesses, finding that they did not sustain plaintiff’s position with legal certainty. He was correct in this finding.
We find that the medical evidence in the case at bar definitely preponderates in favor of the defendant, since little or no effect can be given to the testimony of Dr. Jacquet. It is well established that certain rules are recognized in giving weight to the medical testimony. These rules are succinctly stated in Anderson v. Peek, La.App., 102 So.2d 776, 777, from which, we quote as follows:
“It is, therefore, the duty of plaintiff in this case to show disability continued1 after August 24th. In considering whether or not plaintiff has borne this burden, certain legal principles have been enunciated. Thus, the testimony of the attending physician should ordinarily be accorded' more weight than that of a physician who-has not examined for purposes of treatment. Walker v. Monroe, La.App., 1953,. 62 So.2d 676; Roy v. Guillot, La.App.. 1955, 84 So.2d 469, certiorari denied 1956,,. Richmond v. New Amsterdam Casualty Company, La.App.1956, 85 So.2d 717. And,, where the injury of which complained,, falls within a particular field of medicine,, the testimony of a specialist in that field' is entitled to more weight than that of the general practitioner. Rider v. R. P. Farnsworth Company, Inc., La.App.1952, 61 So.2d 204; Walker v. Monroe supra;. Green v. A. C. Campbell Construction Company, La.App.1955, 78 So.2d 54; Roy v. Guillot, supra; Gaspard v. The Fidelity & Casualty Company of New York, La.. App.1956, 89 So.2d 445.”
The above quoted portions of Anderson v. Peek, cited supra, are particularly applicable in the case at bar. Here-the attending physician' felt that the plaintiff’s complaints were unjustified, but in-the abundance of caution, he referred the-plaintiff to a specialist in the field of orthopedics, viz., Dr. Soboloff, who examined the plaintiff and found his complaints to be-not only unjustified, but inconsistent with, the tests applied.
In opposition to this strong medical proof' against him, the plaintiff produced only the-vague conclusions of a general practitioner who examined the plaintiff twice, but did not give any details on the type of examination he made, only stating his conclusions.
We also find in the case of Anderson v. Peek, supra, the rule that the plaintiff in a workmen’s compensation suit had the burden of establishing his case to a legal certainty, and conjecture, possibility, or even unsupported probability are not *535 sufficient to recover. (See cases cited therein.)
The testimony on behalf of the defendants definitely preponderates in their favor and the plaintiff’s demands were correctly denied.
Affirmed.