GLADNEY, Judge.
This is an action to collect workmen’s compensation, together with statutory penalties and attorney’s fees. Made defendant is Southern Farm Bureau Casualty Insurance Company, the workmen’s compensation insurer of Warren Lott, the plaintiff’s father and employer. The cause was tried on its merits, after which there was judgment rejecting plaintiff’s demands and the latter has prosecuted this appeal.
Larry Lott, the complainant herein, graduated in animal husbandry in 1957, and was employed by his father as manager of two cattle ranches in Bossier Parish. His duties *503 were varied and included all types of labor necessary to properly take care of the cattle. On February 17, 1958, while lifting a one-hundred pound sack of feed onto a tractor, he felt a burning sensation in his back which caused severe pain, and as a result of which he consulted Dr. L. V. Landry, whose testimony was not taken. On February 24th plaintiff went to see Dr. E. C. Simonton, an orthopedic surgeon, practicing in Shreveport, who recommended hospitalization. Accordingly, on February 26th Lott was admitted to the Schumpert Hospital and remained until released on March 4, 1959. During this time he was placed in traction and he testified that for some two and one-half months thereafter he was confined to his home and performed only light duties for a period of almost six months following the injury.
Plaintiff was paid workmen’s compensation by the defendant insurer from February 18, 1958, until February 12, 1959, and defendant also paid $298.19 for medical expenses incurred. The discontinuance of the compensation payments was prompted :by medical reports from Drs. E. C. Simon-ton and Carson Reed, Jr., who reported plaintiff sufficiently recovered to perform the regular duties of his employment.
The argument advanced by plaintiff in justification of his claim for permanent .and total disability benefits under the Workmen’s Compensation Law, LSA-R.S. 23:1021 et seq., is based on two premises: that he had a pre-existing defect in his back which was described by Dr. E. C. Simonton as spondylolysis; and that as a result of the accident on February 17, 1958, he sustained a traumatic injury to his back which aggravated this pre-existing condition.
After Dr. Simonton had discharged plaintiff from the hospital he examined and consulted with plaintiff on April 9, 1958, September 25, 1958 and January 5, 1959. Dr. Carson Reed, also an orthopedist, made examinations on June 1, 1959, and April 1, 1960. After the examination of January 5, 1959, Dr. Simonton was of the opinion that except for some atrophy there was no evidence of disability present. He also testified that it was difficult to relate the condition of atrophy to the accident of February 17th, and that it was of no particular significance. The doctor reported plaintiff complained of slight pain in the lower portion of the back, but there were no objective symptons thereof and the patient’s condition showed progressive improvement.
Dr. Reed, who examined the reports and X-rays made by Dr. Simonton, was unable to reach the conclusion that plaintiff had such a defect as spondylolysis and observed that it was a “questionable unilateral condition.” It was this doctor’s opinion that Lott sustained a lumbosacral sprain which had completely healed prior to June 1, 1959, when first he had occasion to see the patient. Counsel for appellant interprets the testimony of Dr. Simonton as disclosing that plaintiff has a permanent injury resulting from an aggravation of his condition of spondylolysis. Dr. Simonton testified that when such a condition is aggravated by trauma, the cartilage or fibrous tissue which connects the unstable vertebra will either tear, completely or incompletely, or the fibrous tissue and cartilage holding the two portions of the vertebra together will allow excessive motion and produces pain at the joint and irritation of the nerve root that passes adjacent to that area. The doctor, however, testified that he found no objective symptoms from which he could infer such a condition.
The trial court, after considering the conflict in the medical testimony as to the existence of a spondylolysis, reached the conclusion that if plaintiff was suffering from an aggravation of the pre-existing congenital defect in the back he was no more disabled on February 12, 1959, than he was prior to the time of the accident.
Cited in support of the holding of the trial judge are: Broussard v. R. H. Gracey Drilling Company et al., 227 La. 882, 80 So.2d 850 (1955); Gardner v. Lane Wells *504 Company, 117 So.2d 629 (La.App.Orl.Cir.1960); and Hutchinson v. Holloway Gravel Company, Inc., 126 So.2d 59 (La.App. 1st Cir.1960).
In the last-cited case the court found that there was no proof of a deterioration of the bone structure, ligaments or muscles, resulting from the accident and thereby aggravating a prior congenital condition of spondylolysis, and no award for workmen’s compensation would be made. The court commented:
“We are cognizant of the fact that the employer accepts the workman as he hires him and if the worker does have a latent physical disability which is aggravated during the course of his employment, the employer cannot avoid the payment of compensation. However, where the latent physical disability is present when the employee is hired and the evidence is overwhelming that it was not aggravated as a result of the accident, then the employee cannot recover. Gardner v. Lane Wells Co., La.App., 117 So.2d 629.” Hutchinson v. Holloway Gravel Company, Inc., supra, 126 So.2d p. 63.
Counsel for appellant urges that Hebert v. Hartford Accident and Indemnity Company, 88 So.2d 243 (La.App. 1st Cir.1956) and Thompson v. Bituminous Casualty Corporation, 104 So.2d 248 (La.App. 2d Cir. 1958) support his position. The plaintiff in Hebert v. Hartford Accident and Indemnity Company was a carpenter by trade. The trial court rejected Hebert’s claim for workmen’s compensation on the ground that he was able after discontinuance of the compensation to perform the duties of a carpenter, as he was prior to the accident. The appellate court, however, upon reviewing the evidence, found that subsequent to his accident plaintiff had performed only light duties and that plaintiff could not perform the same type of heavy work as he was doing after the accident, and would not be able to do so until an operation to fuse the back could be performed. The instant case presents no such medical evidence.
In Thompson v. Bituminous Casualty Corporation, a decision of this court, we held the employee had suffered from, spondylolysis and that the same was aggravated by injury. Dr. Overdyke in that case expressed the opinion that plaintiff,, because of pain, could not continue hard manual labor, but should do some other type of light work, although he did not recommend surgery to permit plaintiff to pursue an occupation which required heavy lifting. Dr. Oxford also testified in that case and he was of the opinion that the plaintiff therein had sustained a lumbar sprain. We-gave full consideration to the lay testimony and accepted the conclusion of the district judge, who had awarded workmen’s compensation. In both of the decisions, the court, because of the inconclusiveness of the-medical testimony, resorted to reliable lay evidence.
In the instant case we find the lay testimony is not too impressive, and was not relied upon by the trier of facts. In August, 1958, the employee discontinued his position as overseer of the two ranches and leased from his father 1,300 acres in order to engage in operation of a cattle ranch for his own account. He testified that despite his physical disability he was financially unable to hire regular employees to assist him. In March of 1960, plaintiff assumed the duties of a tractor salesman in his father’s agency, the Tri-State Tractor Company. After April 9, 1958, plaintiff received no further medical treatment, although he testified he continued to experience pain and disability.
The record reveals plaintiff received a Substantially complete college education, which qualified him to earn a livelihood in any avocation in connection with agricultural pursuits. The lay testimony in support of plaintiff’s inability to work consisted of opinions to the effect that plaintiff was able to perform heavy work predating the accident, but that subsequent to that date the activities of the plaintiff were limited.
*505 The trial judge noted a complete absence ■of objective findings by the two doctors who testified in the case, and that additional medical testimony might have been helpful in reaching a more conclusive decision. He further observed Dr. Reed’s testimony was ■definite and emphatic, and the testimony of Dr. Simonton was inconclusive and somewhat hypothetical.
The burden of proof in a workmen’s compensation suit rests upon the plaintiff to establish his case to a legal certainty, and mere conjecture, possibility or unsupported probability are not sufficient to sustain this burden. Roberts v. M. S. Carroll Company, Inc. et al., 68 So.2d 689 (La.App.2d Cir.1953); Anderson v. Peek, 102 So.2d 776 (La.App.2d Cir.1958); Ruffin v. Travelers Insurance Company, 120 So.2d 532 (La.App.1st Cir.1960).
For the foregoing reasons we are of the opinion' that there is no manifest error in the judgment from which the plaintiff has appealed, and accordingly, the judgment is affirmed at appellant’s cost.